**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DARREN JAMAINE CHIPMAN, : | |
| Inmate No. 99449886, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:15-CV-2810-LMM-JSA |
| R.L. (BUTCH) CONWAY; MIKE : | |
| BOYD; DON PINKARD; J. NIX; : | |
| S. HAMILTON; LUCAS, : | |
|     Defendants. : | |

**MAGISTRATE JUDGE'S NON-FINAL REPORT AND
RECOMMENDATION**

Before the Court is a letter from Plaintiff filed contemporaneously with the complaint that the Clerk docketed as a motion for preliminary injunction and temporary restraining order ("TRO"). (Doc. 4). On October 28, 2015, the undersigned issued a report and recommendation ("R&R"), recommending that Plaintiff's claims for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and his religious claims under the First and Fourteenth Amendment proceed, and that Plaintiff's damages claim under RLUIPA be dismissed. (Doc. 11). In that same R&R, the undersigned ordered Defendants to respond to Plaintiff's motion for preliminary injunction and TRO. (*Id.*). In the interim, U.S. District Judge Leigh M. May adopted the R&R, and the

undersigned entered an order with instructions for serving Defendants. (Docs. 14, 15). Defendants filed a response to Plaintiff's motion for a preliminary injunction and TRO on November 18, 2015 [Doc. 16], to which Plaintiff has not filed a reply. Defendants have not yet filed an answer to the complaint since they have not yet been served. (*See generally*, Docket).

A TRO or preliminary injunction is appropriate only if the plaintiff demonstrates that: (1) there is a substantial likelihood of success on the merits; (2) the TRO or preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (4) the TRO or preliminary injunction would not be adverse to the public interest. *Chavez v. Florida SP Warden*, 742 F.3d 1267, 1270 (11th Cir. 2014); *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). A preliminary junction is "an extraordinary and drastic remedy," *Jenard v. Commissioner, Georgia Dep't of Corr.*, 457 F. App'x 837, 838 (11th Cir. 2012), and should not be granted unless the plaintiff clearly establishes all four of those requisites. *Id.*; *See also Chavez*, 742 F.3d at 1271 (stating that the person moving for a preliminary injunction must satisfy all of the elements). The moving party's failure to demonstrate a "substantial likelihood of

2

success on the merits" may defeat his claim, regardless of his ability to establish any of the other elements. *See*, *e.g., McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (affirming denial of preliminary injunction because the plaintiff did not show a substantial likelihood that he would succeed on the merits). Granting or denying a preliminary injunction is within this Court's discretion. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997).

In this case, Defendants have provided preliminary evidence that: (1) Plaintiff has not exhausted his administrative remedies in connection with his requests that the Gwinnett County Detention Center provide two Islamic services per week and have a staff member familiar with Islam conduct the Islamic services and programs; and (2) Plaintiff's request to be put back on the Ramadan list is moot since Ramadan ended in July, and no Ramadan list yet exists for next year. (Doc. 16, Declaration of Dillard Hughes at ¶¶ 3, 4, 12). As noted above, Plaintiff has not replied to Defendants' response, and thus at this stage of the proceedings it appears that Plaintiff may not have exhausted his administrative remedies in connection with his request for two Islamic services per week and for an Islamic staff member to conduct the Islamic services and programs, and that his request to

3

placed back on the Ramadan list may be moot.[1]  Thus, the undersigned cannot say at this stage of the proceedings that Plaintiff has a "substantial likelihood of success on the merits."  *See, e.g., McDaniel*, 194 F.3d at 613-14 (affirming denial of preliminary injunction because the plaintiff failed to demonstrate a substantial likelihood of success on the merits where he did not exhaust his administrative remedies).

---

[1] Defendants also state that a volunteer, Imam Anees Shahid, conducts the formal Islamic services.  (Doc. 16, Declaration of Dillard Hughes at ¶ 14).  While Defendants do not specifically say that Imam Shahid is familiar with Islam, any such familiarity on Imam Shahid's part also would lessen the "substantial likelihood of success" of Plaintiff's claim that no one familiar with Islam conducts the Islamic services and programs.

4

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for preliminary injunction and TRO [Doc. 4] be **DENIED** without prejudice.[2]

**IT IS SO RECOMMENDED** this 22nd day of December, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Defendants have not yet filed an answer, nor has discovery been requested. This recommendation is therefore limited to the pending motion for a preliminary injunction or TRO but does not preclude potential injunctive relief later in the proceedings if Plaintiff can demonstrate his entitlement thereto.