IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARREN JAMAINE CHIPMAN, Inmate No. 99449886,　Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:15-CV-2810-LMM-JSA |
| R.L. (BUTCH) CONWAY; MIKE BOYD; DON PINKARD; J. NIX; S. HAMILTON; LUCAS,　Defendants. | |

**ORDER AND OPINION**

The matter is before the Court on: (1) Plaintiff's letter, construed by the Clerk as a motion for preliminary injunction and temporary restraining order ("TRO") [Doc. 4]; the Magistrate Judge's Report and Recommendation ("R&R"), in which the Magistrate Judge recommends denying the motion for preliminary injunction and TRO [Doc. 17]; (3) Plaintiff's objections [Doc. 19]; (4) Plaintiff's motion to appoint counsel [Doc. 20]; and (5) Plaintiff's motion for an extension of time to respond and to amend the complaint [Doc. 21].

I.　Procedural History

Plaintiff filed this *pro se* civil rights action on August 7, 2015, and simultaneously filed the letter that the Clerk construed as a motion for preliminary

AO 72A
(Rev.8/82)

injunction and TRO. (Docs. 1, 4). On October 28, 2015, Magistrate Judge Anand issued a frivolity R&R, recommended that Plaintiff be allowed to proceed on Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims for injunctive relief and on First and Fourteenth Amendment free exercise claims, but that Plaintiff's claim for damages under RLUIPA be dismissed. (Doc. 11). Plaintiff did not file any objections to the R&R, and this Court adopted it on November 17, 2015. (Doc. 14). The next day Magistrate Judge Anand issued a service order instructing Plaintiff to complete service forms and return those forms to the Clerk within twenty (20) days. (Doc. 15). As of February 23, 2016, Plaintiff has not complied with those instructions.

On December 22, 2016, Magistrate Judge Anand entered another R&R, this time recommending that Plaintiff's motion for a preliminary injunction and TRO be denied. (Doc. 17). Thereafter, on January 4, 2016, Plaintiff filed a motion for extension of time to respond, and objections, to the October 28, 2015, frivolity R&R that this Court already had adopted.[1] (Docs. 19, 21). At the same time

---

[1] Although the docket indicates that Plaintiff was objecting to the R&R recommending denial of the preliminary injunction and TRO, it is clear after reviewing those objections that Plaintiff instead seeks to object to the frivolity R&R. (Doc. 19).

2

Plaintiff filed a motion to amend the complaint and a second motion to appoint counsel. (Docs. 20, 21). Plaintiff's motion for an extension of time to respond to the original R&R [Doc. 21] is hereby **GRANTED** *nunc pro tunc*. The Court will consider the response [Doc. 21], Petitioner's objections [Doc. 19], and Petitioner's motion to amend [Doc. 21].

II.   Discussion

    A.   Claims

Plaintiff complains that although Magistrate Judge Anand construed his claims under RLUIPA, he does not wish to proceed under RLUIPA. (Doc. 19 at 1; Doc. 21 at 2). Plaintiff should be allowed to withdraw these claims.

Plaintiff also wishes to raise a claim for violation of his equal protection rights. (Doc. 21 at 2). In the frivolity R&R, Magistrate Judge Anand mentioned the Equal Protection Clause of the Fourteenth Amendment [*see* Doc. 11 at 7] and discussed that, *inter alia*, Plaintiff's allegations that "although Christian inmates are allowed to hold services twice a week, Muslim inmates only have held services twice a month at most, and on wrong days[,]" stated "religious claims" under the First and Fourteenth Amendments. (Doc. 11 at 10). Because Magistrate Judge

3

Anand did not explicitly state that Plaintiff could proceed on an equal protection claim, however, this Court will discuss the issue.

To state an equal protection claim, a prisoner must show that "he is similarly situated with other prisoners who received more favorable treatment; and his discriminatory treatment was based on some constitutionally protected interest." *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Similar to Plaintiff's free exercise claims, Plaintiff essentially argues that Muslim inmates "are not afforded an opportunity to observe their faith comparable to that afforded fellow inmates who adhere to different precepts[,]" *see Saleem v. Evans*, 866 F.2d 1313, 1317-18 (11th Cir. 1989), and because at this stage of the proceedings the Court does not know what, if any, justification the Gwinnett County Jail might provide for the difference, Plaintiff has stated an equal protection claim.

B.   Motion for Appointment of Counsel

Plaintiff also has filed a second motion to appoint counsel [Doc. 20]. Magistrate Judge Anand denied Plaintiff's first motion for appointment of counsel [Doc. 3] after finding that the issues in this case are not overly complex. (Doc. 8). Plaintiff provides almost the same reasons for seeking counsel as he did the first time, that is, he is unable to afford counsel, the issues in this case are complex, he

4

has limited access to the law library and limited knowledge of the law, and that the trial in this case will involve conflicting testimony. (*Id.*). As nothing has changed since Plaintiff's first motion for counsel was denied, this motion also should be denied. As Magistrate Judge Anand indicated, however, "[i]f the Court determines, at a later point in the proceedings, that Plaintiff requires appointed counsel, it will *sua sponte* reconsider Plaintiff's request." (Doc. 8 at 3).

  C. Preliminary Injunction/TRO

Because Plaintiff's objections pertain solely to the frivolity R&R and Plaintiff does not object to the R&R presently before the Court [Doc. 17], in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the Magistrate Judge's R&R for clear error and finds none.

III. Conclusion

For the foregoing reasons,

The Court **ADOPTS** the Magistrate Judge's R&R [Doc. 17] as the opinion of this Court. For the reasons stated in the Magistrate Judge's R&R, Plaintiff's motion for preliminary injunction and TRO [Doc. 4] are **DENIED**.

AO 72A
(Rev.8/82)

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint [Doc. 21] is **GRANTED**, such that the instant action shall proceed on Plaintiff's First and Fourteenth Amendment free exercise and equal protection claims.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 20] is **DENIED**.

IV.  Service

The Court shall provide Plaintiff with one more chance to comply with the Magistrate Judge's service instructions set forth in his November 18, 2015, Order [Doc. 15]. Specifically, the Clerk of Court is **DIRECTED** to send Plaintiff a USM 285 form and summons for all Defendants. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant and return them to the Clerk within twenty (20) days from the date this Order is entered. The Court warns Plaintiff that failure to comply in a timely manner could result in the dismissal of this action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include

6

two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk with adequate first-class postage for each Defendant's use in returning the waiver form, one (1) copy of the complaint, and one (1) copy of this Order.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail the service waiver packages to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If any Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event that any Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for that Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's

Service is **DIRECTED** to personally serve that Defendant in accordance with the requirements of Rules 4(i)(2)(A) and 4(i)(2)(B) of the Federal Rules of Civil Procedure. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

AO 72A
(Rev.8/82)

Finally, prisoner civil rights cases are assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first appearance of a Defendant by answer, file a motion requesting a discovery period.

**IT IS SO ORDERED** this 24st day of February, 2016.

*/s/ Leigh Martin May*
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)